# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WARRIOR SPORTS, INC. | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| WILSON SPORTING GOODS CO. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Warrior Sports, Inc. ("Warrior") files this Complaint against Defendant Wilson Sporting Goods Co. ("Wilson"), and alleges as follows:

### THE PARTIES

1. Plaintiff Warrior is a Michigan corporation having its principal place of business in Warren, Michigan. Warrior is a sports equipment company that develops, manufactures, markets, and sells lacrosse equipment, including its EVO brand of lacrosse equipment which includes lacrosse heads, sticks, and protective equipment (helmets, pads, gloves, etc.).

2. Upon information and belief, Defendant Wilson is a Delaware corporation, with a principal place of business in Chicago, Illinois. Wilson

manufactures, markets, and sells various sports equipment including its EvoShield brand of athletic protective equipment.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1121(a), and 1367.

4. This Court has personal jurisdiction over Wilson by virtue of Wilson transacting business in this District and committing acts of trademark infringement, both in and outside this District, which have caused injury to Warrior in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

6. Since its formation in 1992, Warrior has been continuously engaged in the design, development, manufacture, marketing, and sale of lacrosse equipment, and has been at the forefront of the evolution of amateur and professional lacrosse. As a result, Warrior has become one of the most well-known lacrosse equipment companies in the United States.

7. Over the years, Warrior has gained world renown as a premier lacrosse equipment provider and earned numerous accolades for its products,

.

including recognition as one of the best lacrosse equipment providers by the National Lacrosse League.

8. Warrior's EVO collection of lacrosse products is one of its flagship brands, including its EVO brand of lacrosse heads, which holds the title of longest-running line of lacrosse heads in the industry. *See* https://www.usalaxmagazine.com/fuel/industry/cant-stop-the-evolution-warrior-unveils-the-evo-qx (last visited June 10, 2022).

9. Warrior's EVO brand of lacrosse products dates back to 1999, when Warrior released the first EVOLUTION brand lacrosse head, which helped revolutionize the sport.

10. The first EVOLUTION lacrosse head was ultra-lightweight and featured a tighter face shape than other products on the market, offering players increased control and shooting accuracy. The EVOLUTION brand lacrosse head gained popularity among players including NCAA Division 1 players.

11. The EVOLUTION brand was ultimately shortened to EVO and, since at least as early as 2004, Warrior has marketed and sold its revolutionary lacrosse heads under the EVO mark.

12. The EVO brand of products has expanded to include a variety of lacrosse heads as well as other lacrosse equipment. Today, Warrior's EVO brand

-3-

.

of lacrosse products includes lacrosse heads as well as lacrosse sticks and protective equipment (e.g., helmets, pads, gloves).

## WARRIOR'S TRADEMARK RIGHTS

13. Warrior has become widely recognized nationwide as the source for premier lacrosse products offered under the EVO PRO and EVO trademarks (collectively, the "EVO Marks"), as a result of Warrior's longstanding use of the marks and the goodwill associated with the same.

14. Warrior has developed and maintained common law rights in and to the EVO Marks since at least as early as 2004.

15. Since at least as early as 2004, Warrior has used the EVO Marks to promote and identify a single source for its premier lacrosse heads.

16. Since at least as early as 2009, Warrior has used the EVO Marks to promote and identify a single source for its premier lacrosse equipment in addition to lacrosse heads, including lacrosse sticks.

17. In or about 2014, Warrior began using the EVO Marks to promote and identify a single source for its premier lacrosse protective equipment (e.g., lacrosse helmets, pads, gloves).

18. As a result of its longstanding use of the EVO Marks in the area of lacrosse equipment and protective equipment, Warrior has protectable unregistered rights in the EVO Marks.

.

19. Warrior is also the owner of protectable registered rights in the EVO Marks.

20. Warrior is the owner of United States Trademark Registration Number 3082540 for the mark EVO PRO covering lacrosse heads. The mark registered on April 18, 2006. *See* Exhibit A.

21. Warrior is the owner of United States Trademark Application Number 97326421 for the EVO mark covering lacrosse gloves, stick handles, stick heads, sticks, and pads. *See* Exhibit B.

22. Warrior has expended significant time, money, and effort promoting and marketing the EVO Marks, and the products offered thereunder, through substantial and ongoing business activities in the United States.

23. As a result of the long and extensive use of the EVO Marks, and the significant sales, promotion, advertising, third-party acclaim, and commercial success under the marks, the EVO Marks are well-known and distinctive, and have acquired secondary meaning among consumers as representing the source of premier lacrosse equipment.

## WILSON'S UNLAWFUL CONDUCT

24. Upon information and belief, in 2016, Wilson acquired EvoShield, LLC, including all EvoShield-branded products and intellectual property.

.

25. Wilson owns several trademark registrations for EVOSHIELD in connection with athletic protective wear, claiming a date of first use in commerce of 2007. Upon information and belief, use of the EvoShield mark was previously limited to baseball and softball protective equipment marketed and sold for use in baseball and softball.

26. Upon information and belief, Wilson recently started marketing certain of its EvoShield-branded baseball and softball protective equipment for use in lacrosse.

27. Wilson currently markets and sells EvoShield-branded slash guards, rib shields, chest guards, wrist guards, mouth guards, and other products for use in lacrosse.

28. Wilson offers for sale, markets, promotes and advertises its EvoShield-branded lacrosse protective equipment online via its interactive website at www.evoshield.com/en-us.

29. Wilson also markets, promotes and advertises its EvoShield-branded lacrosse protective equipment on its social media pages.

30. Upon information and belief, Wilson also sells its EvoShield-branded lacrosse protective equipment through various third-party retailers (e.g., Dicks Sporting Goods), including retailers that have brick-and-mortar stores in this District.

.

31. Upon information and belief, Wilson intends to launch additional lacrosse-specific protective equipment under the EvoShield mark, including elbow pads and arm guards.

32. Wilson's recent expansion into the lacrosse market, and use of the EvoShield mark in connection with lacrosse protective equipment, is likely to cause consumer confusion, mistake, and/or deception as to the source, origin or association of its lacrosse products. This is particularly true given Warrior's longstanding use of the EVO Marks, Wilson's use of a mark that incorporates Warrior's EVO mark in its entirety, followed by a descriptive term, and the fact that both parties now offer lacrosse equipment.

33. In light of the goodwill and recognition that the EVO Marks have attained across the United States, consumers are likely to mistakenly believe that Wilson's EvoShield-branded lacrosse protective equipment is an extension of the EVO brand or is otherwise affiliated with or sponsored by Warrior when, in fact, that is not the case.

34. Prior to the filing of this action, Warrior notified Wilson of its infringing use of the EvoShield mark in connection with lacrosse products, and sought Wilson's agreement to cease infringing use of the EvoShield mark in connection with lacrosse products.

.

35. Wilson failed to cease its infringing activity and continues to sell EvoShield-branded lacrosse-specific equipment.

36. Moreover, less than two weeks after being notified of its infringing conduct, Wilson filed an "intent to use" trademark application for EVOSHIELD, covering a wide variety of lacrosse equipment beyond protective equipment (the "Application").

37. To the extent the Application was filed in good faith, the Application evidences Wilson's purported intent to further expand into Warrior's established lacrosse market.

**COUNT I**
**(Trademark Infringement Under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a))**

38. Warrior hereby repeats and re-alleges paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. As stated above, Warrior has valid and protectable registered rights in the EVO PRO mark that pre-dates Wilson's use of the EvoShield mark in connection with lacrosse equipment.

40. Without Warrior's consent, Wilson has used, continues to use, and is likely to continue to use in commerce the EvoShield mark in connection with lacrosse equipment, which usage is, at a minimum, a colorable imitation of Warrior's rights in its registered EVO PRO mark, and is likely to cause confusion

-8-

.

or to cause mistake as to the source, affiliation, or sponsorship of Wilson's products, or to deceive consumers in violation of Section 32(a)(1) of the Lanham Act, 15 USC § 1114(1)(a).

41. Upon information and belief, Wilson had knowledge of Warrior's ownership and use of the EVO PRO mark prior to Wilson's use of the EvoShield mark to sell lacrosse protective equipment.

42. Upon information and belief, Wilson's actions described above have at all times relevant to this action been willful.

43. As a direct and proximate result of Wilson's actions alleged above, Warrior has been damaged and will continue to be damaged, including harm to its name, reputation, and goodwill.

## COUNT II
## (Trademark Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

44. Warrior hereby repeats and re-alleges paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Wilson's actions described above relating to use of the EvoShield mark in connection with lacrosse equipment are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Wilson's products, and thus constitute trademark infringement, false designation of origin, and unfair

.

competition with respect to the EVO Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

46. Upon information and belief, Wilson had knowledge of Warrior's ownership and use of the EVO Marks prior to Wilson's use of the EvoShield mark to sell lacrosse protective equipment.

47. Upon information and belief, Wilson's actions described above have at all times relevant to this action been willful.

48. As a direct and proximate result of Wilson's actions alleged above, Warrior has been damaged, and will continue to be damaged, including harm to its name, reputation, and goodwill.

## COUNT III
### (Common Law Trademark Infringement and Unfair Competition)

49. Warrior hereby repeats and re-alleges paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. Warrior's use of the EVO Marks predates defendant's use of the EvoShield mark in connection with lacrosse equipment.

51. Wilson's actions described above, including its manufacture, sale, marketing, offering for sale, display and distribution of lacrosse equipment under the EvoShield mark constitutes common law trademark infringement and unfair competition under the common law of the State of Michigan.

-10-

.

52. Upon information and belief, Wilson's actions described above have at all times relevant to this action been willful.

53. As a direct and proximate result of Wilson's actions alleged above, Warrior has been damaged and will continue to be damaged.

## COUNT IV
### (Violation of the Michigan Consumer Protection Act)

54. Warrior hereby repeats and re-alleges paragraphs 1-53 of this Complaint as if fully set forth herein.

55. Wilson's actions described above constitute unfair, unconscionable, and/or deceptive acts or practices.

56. Wilson committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

57. Wilson's actions described above, including its manufacture, sale, marketing, offering for sale, display and distribution of lacrosse equipment under the EvoShield mark creates a likelihood of confusion about the source, sponsorship, approval, or certification of its products.

58. Upon information and belief, Wilson's actions described above have at all times relevant to this action been willful.

59. As a direct and proximate result of Wilson's actions alleged above, Warrior has been damaged and will continue to be damaged.

.

60. By virtue of the conduct above, Wilson has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Warrior requests judgment in its favor against Wilson as follows:

1. A judgment that Wilson has infringed the EVO Marks;

2. For a preliminary and permanent injunction restraining Wilson, its employees, and all persons in active concert or participation with Wilson or with any of the foregoing from manufacturing, selling, offering for sale, displaying or authorizing the sale of any lacrosse products under the EvoShield trademark, or any mark confusingly similar to the EVO Marks.

3. Awarding Warrior its actual damages and Wilson's profits in an amount to be determined at trial or statutory damages pursuant to 15 U.S.C. § 1117 and other applicable laws;

4. Awarding Warrior its reasonable attorney's fees and costs; and

5. Such other and further relief as the Court deems appropriate.

.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Warrior demands trial by jury in this action of all issues triable by jury in this matter.

Respectfully submitted,

Dated: June 10, 2022

/s/ J. Michael Huget
J. Michael Huget (P39150)
mhuget@honigman.com
Sarah E. Waidelich (P80225)
swaidelich@honigman.com
HONIGMAN LLP
315 East Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
Phone: (734) 418-4200
Fax: (734) 418-4201

Carrie W. Olson (EDMI application forthcoming)
ecolson@daypitney.com
DAY PITNEY LLP
One Federal Street
Boston, MA 02110
Phone: (617) 345-4767
Fax: (617) 206-9338

Andraya P. Brunau (EDMI application forthcoming)
abrunau@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0146
Fax: (860) 331-8900

*Attorneys for Plaintiff Warrior Sports, Inc.*

.