UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WARRIOR SPORTS, INC.,

        Plaintiff,

v.                                                    Case No. 22-11285

WILSON SPORTING GOODS, CO.,

        Defendant.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS

Pending before the court is Defendant Wilson Sporting Goods, Co.'s motion to dismiss Plaintiff Warrior Sport, Inc.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 37.) The motion has been fully briefed. The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will deny Defendant's motion.

### I.  BACKGROUND[1]

Plaintiff is a well-known lacrosse equipment company. (ECF No. 1, PageID.2, ¶6). As early as 2004, it has marketed and sold its lacrosse heads under its flagship brands EVO PRO and EVO (the "EVO Marks") (*Id.*, PageID.4, ¶13.).[2] Since 2009 and 2014, respectively, Plaintiff has used the EVO Marks to promote its lacrosse equipment

---

[1]     Facts are taken from Plaintiff's Complaint (ECF No. 1).
[2]     Plaintiff owns the "EVO PRO" trademark for lacrosse head, registered on April 18, 2006. (ECF No. 1-2, PageID.16.)

(e.g., lacrosse sticks), and lacrosse protective equipment (e.g., helmets, pads, gloves). (*Id.*, ¶¶16-17.)[3]

Defendant owns the registered trademark "EvoShield," claimed to be first used in 2007, that applies to athletic protective wear. (*Id.*, PageID.5-6, ¶¶24-25.) Previously limited to baseball and softball gear, the EvoShield mark has recently been used to market Defendant's lacrosse protective equipment. (*Id.*, PageID.6-7, ¶¶26-32).

Plaintiff posits that Defendant's use of the EvoShield mark and its expansion into the lacrosse market likely to cause consumer confusion, mistake, and/or deception as to the source, origin, or association of its lacrosse products. (*Id.*, PageID.7, ¶32.) Specifically, Plaintiff claims that consumers can mistake Defendant's EvoShield-branded lacrosse protective equipment as an extension of the EVO brands or otherwise being affiliated to or sponsored by Plaintiff. (*Id.*, ¶33.) Plaintiff asserts trademark infringement claims under the Landham Act and common law, as well as a claim for violation of the Michigan Consumer Protection Act against Defendant.

## II.  STANDARD

Federal Rule of Civil Procedure 8 requires Plaintiff to present in the Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

[3]   On March 23, 2022, Plaintiff applied for a trademark of "EVO" for gloves, stick handles, stick heads, sticks, and pads for use in lacrosse. (ECF No. 1-3.)

*Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012) (emphasis removed) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

     A complaint falling short of this pleading requirement is subjected to dismissal under Federal Rule of Civil Procedure 12(b)(6). In reviewing Defendant's motion to dismiss made thereunder, the court construes the complaint in the light most favorable to Plaintiff and accepts all well-pleaded factual allegations as true. *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015). The court may consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). As the moving party, Defendant "has the burden of proving that no claim exists." *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008).

### III. DISCUSSION

Defendant does not claim that the Complaint fails to meet Rule 8's pleading standard. Rather, Defendant urges for dismissal based on its ownership of the EvoShield registered trademark with incontestable status for "athletic protective equipment, namely, chest shields, back shields, rib shields, wrist shields, thigh shields, elbow shields, leg shields, foot shields, shoulder recoil shields, and multi-format shields." (ECF No. 9-2, PageID.55.) Defendant claims that its ownership of this incontestable mark gives it the exclusive right to use "EvoShield" to market all athletic protective equipment, including those for use in lacrosse. (ECF No. 9, PageID.49-51.) Accordingly, there has been no infringement of Plaintiff's purported right in the EVO marks. (*Id.*)

Plaintiff disagrees. It claims that Defendant's incontestable mark only covers specific types of "shields" listed in the registration, not lacrosse protective equipment commonly referred to in terms of "pads" or "guards." (ECF No. 12, PageID.136-40.) Additionally, even if Defendant's EvoShield mark covers lacrosse protective equipment, Plaintiff argues that its incontestable status does not, *ipso facto*, immunize Defendant from trademark infringement claims, specifically because Plaintiff has plausibly pled a prior common law rights in the EVO Marks. (*Id.*, PageID.140-47.)

The court finds that Defendant has not shown the implausibility of Plaintiff's claims. There is no dispute that "[t]he incontestable provisions in the Lanham Act apply only to goods and services set forth in the mark's registration." *Aero-Motive Co. v. U.S. Aeromotive, Inc.,* 922 F. Supp. 29, 37 (W.D. Mich. 1996). There is, however, a dispute over the scope of Defendant's EvoShield trademarks. At this stage, the court cannot

4

conclusively determine the coverage of the EvoShield trademark for athletic protective equipment, the resolution of which is dependent on historical and evidentiary fact-probing inquiries, such as how the mark has been used, how the terms in the registration are defined in a dictionary, and whether lacrosse protective equipment is the natural expansion of or is related to EvoShield original products. As the Defendant's briefs demonstrate, the court will have to review allegations and evidence not contained in the Complaint to answer these questions. (*See* ECF No. 9, PageID.50; ECF No. 14, PageID.174.)

Additionally, that Defendant's EvoShield mark is incontestable does not, by itself, require dismissal of this action. Incontestability is not absolute. First, Plaintiff has plausibly pled that Defendant used permutations of its mark that are not specifically registered. Second, incontestability is subject to statutorily enumerated defenses or defects in 15 U.S.C. 1115(b). Finally, under 15 U.S.C. §1065, an incontestable registration protects the rights of an owner to use a mark "except to the extent . . . to which the use of a mark . . . infringes a valid right acquired under the law of any State or Territory by use of a mark of trade name continuing from a date prior to the date of registration." In other words, "[a]gainst a proven senior user of the mark, incontestability is ultimately immaterial." *UHS of Delaware, Inc. v. United Health Servs., Inc.*, 227 F. Supp. 3d 381, 393 (M.D. Pa. 2016); *see also My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80-JDP, 2015 WL 9474293, at *3 (W.D. Wis. Dec. 28, 2015) (explaining that incontestability does not mean "that a senior user must surrender its rights to the owner of an incontestable registration"). Here, Plaintiff has sufficiently alleged that it developed and has maintained common law rights in and to the EVO Marks since 2004, with

expansion to lacrosse equipment and protective equipment in 2009 and 2014. The EvoShield mark, first used in 2007 for protective equipment used in other sports, does not become incontestable until 2016. And the Complaint alleges that Defendant did not begin marketing EvoShield-branded lacrosse protective equipment until recently. Plaintiff thus sufficiently alleges that it is the senior user of the EVO Marks with respect to lacrosse protective equipment.

Taking Plaintiff's allegations as true, Defendant's incontestable mark does not, as a matter of law on the facts here, require dismissal of Plaintiff's claims.

## IV. CONCLUSION

IT IS ORDERED that "Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)" (ECF No. 9) is DENIED.

s/Robert H. Cleland     /  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner     /  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-11285.WARRIORSPORTS.MotiontoDismiss.NH.docx